RICHARD DOYLE, City Attorney (#88625)
NORA FRIMANN, Chief Trial Attorney (#93249)
ROBERT FABELA, Sr. Deputy City Attorney (#148098)
Office of the City Attorney
151 West Mission Street
San Jose, California 95110
Telephone: (408) 277-4454

**E-Filed 1/26/09**

Attorneys for Plaintiff and Counter-Defendant
CITY OF SAN JOSE

Robert L. Sallander Jr., SBN 118352
Canon T. Young, SBN 189142
GREENAN, PEFFER, SALLANDER & LALLY LLP
6111 BOLLINGER CANYON ROAD, SUITE 500
SAN RAMON, CA 94583-0010
PHONE: (925) 866-1000 / FAX: (925) 830-8787

Attorneys for Defendant and Counter-Claimant
HOUSING AND DEVELOPMENT
SOFTWARE, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF SAN JOSE,<br><br>Plaintiff,<br><br>vs.<br><br>HOUSING & DEVELOPMENT SOFTWARE, LLC, and DOES 1-20, inclusive,<br><br>Defendants. | Case Number: C04-05140 JF<br><br>**JOINT CASE MANAGEMENT STATEMENT AND STIPULATED ~~PROPOSED~~ ORDER TO CONTINUE THE CASE MANAGEMENT CONFERENCE** |
| HOUSING & DEVELOPMENT SOFTWARE, LLC,<br><br>Counter-claimant,<br><br>vs.<br><br>CITY OF SAN JOSÉ, and ROES 1-10,<br><br>Counter-defendants. | |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

**ALTERNATIVE DISPUTE RESOLUTION EFFORTS**

The parties have agreed to mediation on February 6, 2009 before Hon. Joseph F. Biafore (Ret.). February 6, 2009 was the only date that all parties and clients had available for mediation. The parties are optimistic that the case can be resolved at mediation and request a short continuance of the case management conference to allow the parties to participate in mediation.

**DESCRIPTION OF THE CASE**

1. A Brief Description of the Events Underlying the Action:

Plaintiff City of San Jose ("City") and Defendant Housing Development Software ("HDS"), a Florida limited liability company, entered into an agreement entitled "Agreement between the City of San Jose and Housing & Development Software, LLC" ("Agreement"). As part of the Agreement, HDS was required to perform services for the City's Housing Department in exchange for progress payments totaling approximately $137,500. The Agreement was later amended such that the contract amount was increased to $191,000.

The Agreement as amended required HDS to provide, among other things, "customized software products and services for an integrated departmental database." HDS further agreed to customize its products "100%" to the City's needs and to enhance its existing systems by adding specific modifications to accommodate the City's requirements as specified in the RFQ. HDS also agreed to convert the City's data from its existing databases or spreadsheets to HDS's new systems, and to provide applicable technical support. For its part, the Agreement required the City to pay the amounts stated at the conclusion of the work performed and comply with and remit payment under the Licensing agreement provisions under the Agreement. HDS alleges that, pursuant to the Agreement, the City was also required to attend training seminars and meetings mutually arranged by the parties to allow HDS to perform its obligations under the Agreement.

The City alleges that HDS has breached the Agreement. For example, the City alleges that HDS has failed to provide a customized integrated departmental database, has failed to

enhance its existing systems by adding specific modifications to accommodate the City's requirements, has failed to convert the City's data from its existing databases or spreadsheets to HDS's new systems, and has failed to provide applicable technical support. The City has alleged claims for (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) rescission, (4) intentional misrepresentation, and (5) negligent misrepresentation. The City seeks a refund of the amounts already paid by the City to HDS, totaling over $147,000, plus consequential damages. The City also seeks punitive damages under its fourth claim for intentional misrepresentation.

HDS denies that it has breached the Agreement, and has filed a counterclaim against the City for breach of contract and breach of the implied covenant of good faith and fair dealing. In its counterclaim, HDS alleges that the City breached its obligations to HDS under the Agreement by, among other things, (1) failing to pay the amounts due under the Agreement, (2) preventing and hindering performance of HDS's rights and obligations under the Agreement, (3) unreasonably demanding, and failing to remit payment for, modifications and alterations to the products and services outside the scope of the Agreement, and (4) failing to return to HDS any and all software, copies of software, and other items supplied to the City. HDS seeks unspecified compensatory and consequential damages.

2. <u>The Principal Factual Issues Which the Parties Dispute:</u>

a. Whether HDS failed to customize its software products and services for an integrated departmental database for the City's Housing Department pursuant to the terms of the Agreement.

b. Whether HDS failed to customize its products "100%" to the City's needs and to enhance its existing systems by adding specific modifications to accommodate the City's requirements as specified in the RFQ.

c. Whether HDS failed to convert the City's prior data to conform to a new system pursuant to the terms of the Agreement.

d. Whether it was possible for HDS to perform the City's customization demands in a commercially reasonable manner.

e. Whether the City failed to pay HDS amounts due under the Agreement.

f. Whether the delays were caused by HDS.

g. Whether the City hindered HDS's performance under the Agreement and unreasonably demanded modifications and alterations to the products and services outside the scope of the Agreement and which were technologically or commercially unreasonable.

h. Whether the City acted unreasonably in its demands to HDS.

i. Whether the City failed to adequately manage the personnel responsible for the software implementation, thus causing delays in the performance of the Agreement.

j. Whether the City improperly failed to return software to HDS.

k. The amount of compensatory and consequential damages alleged by each party.

3. The Principal Legal Issues Which the Parties Dispute:

a. Whether either parties' acts or omissions constitute a breach of contract.

b. Whether the City is entitled to rescission, as alleged in the Complaint.

c. Whether HDS's pre-Agreement representations regarding its capabilities and guarantees entitle the City to seek damages for negligent or intentional misrepresentation.

**CONSENT TO MAGISTRATE JUDGE**

4. Parties consent to assignment of this case to a U.S. Magistrate Judge for jury trial:

HDS has declined to proceed before a Magistrate Judge.

**DISCLOSURES**

5. The Parties Certify That They Have Made the Following Disclosures:

The parties have exchanged initial disclosure documents, additional written discovery, and additional production of documents.

**DISCOVERY**

6. The parties agree to the following discovery plan:

7. Discovery is ongoing with additional percipient witness depositions and expert witness depositions to be completed. In the event that mediation is unsuccessful, the parties

anticipate the need to continue the trial to complete discovery. The City does not agree to a continuance beyond the end of March. HDS is not certain whether a further continuance may be necessary if the case does not settle at mediation.

**TRIAL SCHEDULE**

8. The matter is currently set for trial on March 6, 2009

9. Parties anticipate the trial will last approximately: 7 days (including jury selection)

**SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL**

Pursuant to Civil L.R. 16-12, each of the undersigned certifies that he or she has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the court and private entities and has considered whether this case might benefit from any of the available dispute resolution options.

Respectfully Submitted,

Dated: January 23, 2009

RICHARD DOYLE, City Attorney

By: /s/
ROBERT FABELA

Attorneys for Plaintiff and Counter-Defendant
CITY OF SAN JOSE

Dated: January 23, 2009

GREENAN, PEFFER, SALLANDER & LALLY, LLP

By: /s/
ROBERT L. SALLANDER
CANON T. YOUNG

Attorneys for Defendant and Counter-Claimant
HOUSING & DEVELOPMENT SOFTWARE, LLC

**ATTESTMENT OF CONCURRENCE PER GENERAL ORDER 45 FOR FILING:**

I attest that concurrence in the filing of this document by the signatories, Robert Fabela and Canon Young, has been obtained, and that a record of the concurrence shall be maintained at Greenan, Peffer, Sallander & Lally LLP.

Date: January 23, 2009

By: /s/ Canon Young
CANON T. YOUNG

**STIPULATED CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order are hereby adopted by the Court as the Case Management Order for the case. The parties stipulate to continue the February 6, 2009 Case Management Conference to March 6, 2009 at 10:30 a.m..

Dated: January 26, 2009

Hon. Jeremy Fogel
U.S. District Judge